UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

---

**J & J SPORTS PRODUCTIONS, INC., Licensee**
of the Floyd Mayweather, Jr. v. Marcos Rene Maidana, II WBC World Lightweight Championship Fight Program on **September 13, 2014**,
2380 South Bascom Ave., Suite 200
Campbells, CA 95008


PLAINTIFF

CASE NO.

-against-

**DANIALU BABATONDE DAVIES**
a/k/a **DANI DAVIES**
d/b/a **DANIDPRESENTS**
1111-4th Street, N.E.
Washington, DC 20002

and

**ANTHONY LAWRENCE CONTI**
a/k/a **TONY CONTI**
d/b/a **DANIDPRESENTS**
6820 Decatur Street
Hyattsville, MD 20784



DEFENDANT(S)

---

Plaintiff, **J & J SPORTS PRODUCTIONS, INC.,** (hereinafter referred to as "Plaintiff"), by its attorneys, ROSENTHAL GORMLY, CHARTERED, complaining of the Defendant(s) herein, respectfully sets forth and alleges, as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to 47 U.S.C. §§ 553 or 605.

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

3. All contractual conditions precedent have been fulfilled.

4. Upon information and belief, venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 101 because, *inter alia,* a substantial part of the events or omissions giving rise to the claim occurred within the District of Columbia.

5. This Court has personal jurisdiction over the parties in this action. Defendant(s) to this action had or have an agent or agents who has or have independently transacted business in the District of Columbia and certain activities of Defendant(s) giving rise to this action took place in the District of Columbia; more particularly, Defendant(s) acts of violating federal laws and the proprietary rights of Plaintiff, as distributor of the satellite programming transmission signals, which took place within the District of Columbia. Moreover, upon information and belief, Defendant(s) have their principal place of business within the District of Columbia; thus, this Court has personal jurisdiction over Defendant(s).

## **THE PARTIES**

6. The plaintiff is a California corporation with its principal place of business located at 2380 So. Bascom Avenue, Suite 200, Campbell, CA 95008.

7. Upon information and belief, the Defendant(s) leased space on September 13, 2014 from "District Architecture Center" located at 721 –7th Street., N.W., Washington, DC 20004. The Defendant(s) lease agreement shows that the space was leased for the championship fight within the District of Columbia.

## COUNT I

8. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "7," inclusive, as though set forth herein at length.

9. By contract, Plaintiff was granted the right to distribute the Mayweather/Maidana II, Broadcast, including all undercard bouts and the entire television broadcast, scheduled for September 13, 2014, (hereinafter referred to as the "Broadcast"), via closed circuit television and via encrypted satellite signal. The Broadcast originated via satellite uplink, and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

10. Pursuant to the contract, Plaintiff entered into subsequent agreements with various entities in the District of Columbia, allowing them to publicly exhibit the Broadcast to their patrons.

11. In consideration of the aforementioned agreements, Plaintiff expended substantial monies to transmit the Broadcast to those entities in the District of Columbia.

12. Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, Defendant(s) and/or their agents, servants, workmen and/or employees unlawfully intercepted, received and/or de-scrambled said satellite signal, and did exhibit the Broadcast at the above-captioned address and/or addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

13. Upon information and belief, Defendant(s) and/or their agents, servants, workmen and/or employees used an illegal satellite receiver, intercepted Plaintiff's signal and/or used a device to intercept Plaintiff's broadcast, which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems. There are multiple illegal methods of accessing the Broadcast, including but not limited to, (1) splicing an additional coaxial cable line or redirecting a

wireless signal from an adjacent residence into a business establishment; (2) commercially misusing cable or satellite by registering same as a residence when it is, in fact, a business; or (3) taking a lawfully obtained box or satellite receiver from a private residence, into a business. In addition, emerging technologies, such as broadband or internet broadcast, as well as "slingbox" technology (which allows a consumer to literally sling the Broadcast from his personal home cable or satellite systems into his computer), can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world. Each of these methods would allow Defendants to access the Broadcast unlawfully. Prior to Discovery, Plaintiff is unable to determine the manner in which Defendant(s) obtained the Broadcast. However, it is logical to conclude that Defendant(s) utilized one of the above described methods or another to intercept and exhibit the broadcast without entering into an agreement to obtain it lawfully from Plaintiff, the legal rights holder for commercial exhibition.

14. 47 U.S.C. § 605(a) prohibits the unauthorized reception and publication or use of communications such as the transmission herein, to which Plaintiff held the distribution rights.

15. By reason of the aforementioned conduct, Defendant(s) herein willfully violated 47 U.S.C. § 605(a).

16. By reason of Defendant(s) violation of 47 U.S.C. § 605(a), Plaintiff has a private right of action pursuant to 47 U.S.C. § 605.

17. As a result of Defendant(s) willful violation of 47 U.S.C. § 605(a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. § 605(e)(3)(C)(i)(II) and (ii), of up to the maximum amount of $110,000.00 as to the Defendant(s) herein.

18. Pursuant to 47 U.S.C. § 605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT II

19. Plaintiff hereby incorporates paragraphs "1" through "18," inclusive, as though fully set forth herein at length.

20. Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, Defendant(s) and/or their agents, servants, workmen and/or employees did exhibit the Broadcast at the above-captioned address or addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

21. 47 U.S.C. § 553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system, such as the transmission herein, to which Plaintiff had the distribution rights.

22. Upon information and belief, Defendant(s) individually, willfully and illegally intercepted said Broadcast when it was distributed and shown by cable television systems.

23. By reason of the aforementioned conduct, Defendant(s) herein willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

24. As a result of Defendant(s) violation of 47 U.S.C. § 553, Plaintiff is entitled to damages in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

25. Without further discovery from and/or admission by Defendant(s), Plaintiff cannot determine if Defendant(s) intercepted Plaintiff's signal via a cable system, in violation of 47 U.S.C. § 553, or via a satellite transmission, in violation of 47 U.S.C. § 605. As such, Plaintiff is alleging two (2) counts in its Complaint. Plaintiff recognizes that Defendant(s) can be liable for only one (1) of these statutes.

## **REQUEST FOR INJUNCTIVE RELIEF**

26. Plaintiff hereby incorporates paragraphs "1" through "25", as though fully set forth herein at length.

27. Plaintiff further alleges that unless restrained by this Court, Defendant(s) will continue to receive, intercept, transmit, and exhibit its programming, which originated via satellite uplink, illegally and without authorization, in violation of 47 U.S.C. §553 or 605.

28. The violations of 47 U.S.C. §553 or 605 set forth above have caused and will continue to cause Plaintiff irreparable harm.

29. Plaintiff cannot practicably determine the lost revenues resulting from Defendants' unlawful conduct. In addition to diminishing Plaintiff's revenues, Defendant(s) unlawful conduct injures Plaintiff's reputation and goodwill, thereby impairing Plaintiff's ability to enhance its future growth and profitability.

30. Plaintiff has no adequate remedy at law to redress the violations set forth above.

WHEREFORE, Plaintiff requests that judgment be entered in its favor and against the Defendant(s) herein, granting to Plaintiff the following:

(a) A finding that the Defendant(s) unauthorized exhibition of the September 13, 2014, Mayweather/Maidana II, Broadcast violated the Federal Communications Act and that such violations were committed willfully and for purposes of the Defendant(s) direct or indirect commercial advantage or for private financial gain; and

(b) In accordance with 47 U.S.C. § 553(c)(2)(A) and 47 U.S.C. § 605(e)(3)(B)(i), enjoin the Defendant(s), and Defendant(s) corporation and establishment, their owners, officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them from (i) interfering with Plaintiff's programming; (ii)

intercepting, receiving, divulging, or displaying Plaintiff's programming without prior written consent of Plaintiff; and (iii) further violations;

(c) On the first cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $110,000.00 as to the Defendant(s) for its willful violation of 47 U.S.C. § 605(a); or

(d) On the second cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00 as to the Defendant(s) for its violation of 47 U.S.C. § 553; And

(e) Attorney's fees, interest, costs of suit as to the Defendant(s) pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) or § 553(c)(2)(C), together with such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/S/ Charles F. Gormly

_____
Charles F. Gormly (452120)
ROSENTHAL GORMLY, CHTD.
5101 Wisconsin Ave., N.W., Suite 302
Washington, D.C. 20016
Phone: (202) 785-9773
Fax: (202) 265-7756
Attorney for **J & J SPORTS PRODUCTIONS, INC**

Date: September 11, 2017